## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **KRISTI CLAYTON, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,** | **CIVIL ACTION FILE NO.:** _____ |
| **Plaintiffs,** | |
| **vs.** | **JURY TRIAL DEMANDED** |
| **BIS, INC. D/B/A INTERNATIONAL HOUSE OF PANCAKES ("IHOP") AND MOHAMMED IFTIKHAR, INDIVIDUALLY,** | |
| **Defendants.** | |

## COMPLAINT

COMES NOW, Plaintiff Kristi Clayton ("Ms. Clayton" or "Plaintiff Clayton") on behalf of herself and others similarly situated (hereinafter collectively "Plaintiffs"), in their Complaint against BIS, Inc. ("BIS") and Mohammed Iftikhar ("Defendant Iftikhar"), showing the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

### 1.

This is an action arising out of the Fair Labor Standards Act (the "Act" or "the FLSA"), 29 U.S.C. §§ 201-216. Plaintiffs are all residents of the State of Georgia and are all current or former employees of BIS, which was an FLSA

employer of Plaintiffs for the relevant period of time. Plaintiffs were servers working as tipped hourly workers while working at BIS's Georgia locations and were paid $2.13 an hour.  Plaintiffs bring this action to recover from Defendants unpaid regular time compensation, overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), as described below.

2.

Plaintiffs bring these FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. 216(b), and seek relief on a collective basis challenging, among other things, Defendants' failure to pay overtime and failing to pay employees for all hours worked. The named Plaintiff hereby consents to being a part of this collective action.

3.

The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action are similarly situated because they are non-union, hourly employees who have been or are employed in positions similar to those of the individually named Plaintiff and were subject to the same or similar unlawful practices as the individually named Plaintiff. The number and identity of other the Plaintiffs yet to opt-in may be determined from the records of Defendants and potential Plaintiffs may easily and quickly be notified of the pendency of this

2

action. Plaintiffs' who work or have worked for the Defendants have engaged in interstate commerce for the relevant time period because Plaintiffs' employment utilized the materials that are transported through interstate commerce prior to and/or subsequent to Plaintiffs' work with same. Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

4.

At all times relevant hereto, BIS was and is a Georgia corporation doing business in this judicial district with an office located at in Marietta, Georgia. BIS is an IHOP franchisee with at least seven (7) IHOP locations in Georgia, all of them being in the metro Atlanta area.  BIS may be served with process of this lawsuit through its registered agent, Muhammed Iftikhar, at 4263 Marietta St., Powder Springs, GA 30127.

5.

Defendant Iftikhar is an owner of BIS and controlled BIS's financial affairs and caused the corporation to compensate (or not to compensate) employees in accordance with the FLSA. Defendant Iftikhar is listed by the Georgia Secretary of State as the CEO, CFO and Secretary of the Defendant BIS, Inc. Defendant

Iftikhar has control over the corporation's pay policies and day-to-day pay and financial operations.

6.

Defendants are subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service.

7.

Defendants' business activities involve those to which the Fair Labor Standards Act applies and Defendants are employers under the FLSA, 29 U.S.C. 203. At all times material hereto, Plaintiffs were "employees" of Defendants as defined in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1) and Defendants were "engaged in commerce" as defined by the FLSA 7(a)(1), 29 U.S.C. 207(a)(1).

8.

This Court has original jurisdiction upon the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §1331 and §1337. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

## **FACTS COMMON TO ALL COUNTS**

9.

The wages of all hourly employees were altered so that they would not reflect any overtime. Oftentimes, as much as 20-30 hours per week would be

deducted from Plaintiffs' payroll.  The overtime premium was not paid to hourly, nonexempt employees despite the fact that many regularly worked more than forty (40) hours per week.

10.

In some instances when business was slow, servers did not make minimum wage and Defendants created a fraudulent "shortfall list" wherein tips that the server <u>did not</u> receive were falsely reported in the payroll system in order to give the inaccurate impression that minimum wage had been paid.

11.

With regard to servers, Defendants are not entitled to treat tips paid the servers as wages (the "Tip Credit") because Defendants have not complied with 29 U.S.C. § 203(m).

12.

It was Defendants' policy to deny servers (paid $2.13 per hour) their regular pay and/or not pay minimum wage by deducting many items or requiring the servers to pay many items, including:

   a)  requiring servers to purchase their own uniforms;

   b)  requiring servers to work uncompensated "off the clock" through mandatory, uncompensated meetings.

c) requiring servers to spend substantial time on non-tipped activities, including washing dishes;

d) deducting from a servers' compensation for food/meals, even when the servers did not eat food/meals;

e) deducting from a servers' compensation various shortages, including the entire cost of a customer's bill when that customer "walked off" and didn't pay;

f) requiring servers to be taxed on income they didn't make via a "shortfall list" (see above).

13.

For servers, the actual number of hours reported to Defendants' payroll company was falsely reported as less than the number of hours worked by those employees. Servers were not paid for all hours worked.

14.

Whenever hourly employees would inquire about the hours differences, employees were not allowed to see or keep proof of their hours worked from the timeclock. The Defendants failed to comply with the payroll record-keeping requirements of the FLSA, specifically 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2(a)(7) .

15.

Defendants are well aware of their obligations under the FLSA. Accordingly, Defendants have willfully violated the FLSA, 29 U.S.C. 201 et. seq.

16.

Defendants' General Managers are paid bonuses if they "control labor costs." This incentivizes these General Managers to cut out time and not pay servers for all time worked.  In August 2015, Defendants' General Manager Tina Harris, who supervised Plaintiff Clayton, received a $1,800 bonus for "controlling labor costs."

17.

In early September 2015, Plaintiff Clayton complained to management about over 120 hours being cut from her previous paychecks and the fact that overtime had not been paid to her. Then on September 11, 2015, she spoke directly to Defendant Iftikhar about these missing hours. Defendant Iftikhar replied only that "sometimes in life, you are happier when you let things go."

18.

The next day, on September 12, 2015, Plaintiff Clayton was told by Defendants' District Manager that she was going to be transferred, was being sent home and not allowed to work for several days. No explanation was given for this.

7

19.

The next day, on September 13, 2015, Plaintiff Clayton met again with Defendants' District Manager, and in this meeting indicated that he agreed that Plaintiff had been shorted 88 hours in her previous paychecks, and that she would paid for those 88 hours.  He also said that she would not be transferred.

20.

Plaintiff Clayton worked on September 17-19, 2015 without incident. On September 21, 2015 she was told that was going to be demoted. No explanation was given for this.

21.

Plaintiff Clayton worked September 22, 26-27, 2015 without incident. Then on September 28, 2015 she asked Defendants' District Manager about the missing 88 hours that he had agreed to pay her for.  The District Manager indicated that she was not going to be paid this amount. Plaintiff Clayton indicated that she was going to file a complaint with the Department of Labor.

22.

On the next day, September 29, 2015, Plaintiff Clayton was terminated at the beginning of her shift.  No explanation was given for this, though Defendants indicated on the Ga-DOL Form 800 that she was terminated for "lack of work." Plaintiff Clayton knew this to be false because the Defendants were hiring and had

recently hired other servers, including one to replace Ms. Clayton after her termination.

23.

On October 21, 2015, Defendant Iftikhar came to Plaintiff Ms. Clayton's new place of employment.  It is unknown how he learned where she was working or when she would be working.  Defendant Iftikhar threatened Ms. Clayton if she filed a lawsuit against him and his company.

## COUNT I – FLSA COLLECTIVE ACTION

24.

Plaintiff re-alleges the paragraphs above and incorporates them by reference to this count.

25.

Defendants' policies as stated above have caused Plaintiffs to be deprived of wages due them.

26.

Defendants' policies as stated above constitute a violation of the FLSA, 29 U.S.C. 206, requiring a minimum wage to be paid for all hours worked, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 785.

27.

Defendants' policies as stated above, constitute a violation of the 29 U.S.C. § 206, 207(a)(1) requiring overtime to be paid for all hours worked in excess of forty per week.

28.

Under 29 U.S.C. 216(b), Defendants are liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## COUNT II – CONVERSION

29.

Plaintiff re-alleges the paragraphs above and incorporates them by reference to this count.

30.

Defendants had no legal claim to deduct/take to the pay amounts from Plaintiff Clayton.

31.

As a result, Plaintiff Clayton has been damaged, and seeks compensation in an amount equal to that taken from them and punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT III – RETALIATION IN VIOLATION OF THE FLSA

32.

Plaintiff re-alleges the paragraphs above and incorporates them by reference to this count.

33.

The FLSA protects persons against retaliation for asserting their rights under the statute. *See* 29 U.S.C. § 215(a)(3).

34.

Plaintiff Clayton engaged in activity protected under the FLSA several times in September 2015 as described above.

35.

Plaintiff Clayton subsequently suffered adverse actions by Defendants, including wrongful suspension, demotion and termination, all in September 2015. Further, Plaintiff Clayton has been threatened by Defendant Iftikhar with an unknown retaliation should she file suit.  These adverse actions were temporally proximate to her engaging in protected activity and retaliatory and would have been materially adverse to a reasonable employee because the employer's actions could well dissuade a reasonable worker from making or supporting a charge of violation of labor laws.

36.

11

As a result of Defendants retaliation in violation of the FLSA, Plaintiff seeks all damages available under 29 U.S.C. § 216(b), namely legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

37.

Plaintiff also seeks an injunction preventing Defendant Iftikhar from taking further retaliatory actions against her, as he has threatened.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays this Court grant the following relief:

a.     A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b.     An award of past due wages and all converted wages;

c.     That additional applicable former or current employees of Defendants be permitted to join this suit by appropriate opt-in;

d.     The Court award Plaintiffs liquidated damages for the violations of state law alleged herein;

e.     That this Court award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

f.      That Plaintiffs be awarded prejudgment interest, their costs and disbursements herein;

g.      Plaintiff Clayton be awarded compensatory, punitive damages and attorneys' fees and expenses of litigation pursuant to O.C.G.A. 13-6-11 for the violations of state law alleged herein;

h.      The Court issue a permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA and from further retaliating against Plaintiff;

g.      Any and other such further relief this Honorable Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 28th day of October, 2015.


By:   /s/ Douglas R. Kertscher
       Douglas R. Kertscher
       Georgia State Bar No. 416265
       Email: drk@hkw-law.com
       *Attorney for Plaintiff*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:  (770) 953-0995
Facsimile:   (770) 953-1358

## <u>CERTIFICATION UNDER L.R. 7.1D</u>

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiffs hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 28th day of October, 2015.

Respectfully submitted,

By:   /s/ Douglas R. Kertscher
      Douglas R. Kertscher
      Georgia State Bar No. 416265
      Email:      drk@hkw-law.com
      *Attorney for Plaintiff*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone:   (770) 953-0995
Facsimile:   (770) 953-1358